**ATLANTIC COAST LINE R. CO. v. JOHNSON.**

**JOHNSON v. ATLANTIC COAST LINE R. CO.**

No. 14036.

United States Court of Appeals
Fifth Circuit.

Dec. 29, 1952.

Russell, Circuit Judge, dissented.

Larry E. Pedrick and Wilson G. Pedrick, Waycross, Ga., Charles Cook Howell, Wilmington, N. C., for appellant and cross appellee.

J. Dorsey Blalock, Waycross, Ga., for appellee and cross appellant.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

On reading and considering the petition for rehearing, we are convinced that our former opinion in this case should be clarified to some extent. The trial court's ruling, which excluded rule 26 from the evidence, is immaterial because appellant in its answer admits that said rule was in effect at the time of the injury. Said rule is as follows:

"A blue signal, displayed at one or both ends of an engine, car or train, indicates that workmen are under or about it; when thus protected it must not be coupled to or moved. Each class of workmen will display the blue sig-

620

nals and the same workmen are alone authorized to remove them. Other equipment must not be placed on the same track so as to intercept the view of the blue signals, without first notifying the workmen.

"Inspectors, repairmen and others when working under or about cars on yard tracks, must observe, for their own protection, Rule 26 in the book of Rules and Regulations for the Government of the Operating Department governing the use of blue flag or blue light."

This rule was not primarily intended for the protection of air-bleeders, but it was negligence for the appellant to move a train of cars in violation of the rule, as the undisputed evidence shows was done in this instance; and such negligence rendered the railroad company liable for all foreseeable harm directly and proximately caused thereby. Even though the court below erred in its interpretation of rule 26, and if it erred in submitting to the jury the question of defendant's negligence in failing to promulgate reasonable rules for the protection of air-bleeders, such errors are not reversible, because the only real questions for the jury were those of foreseeable harm and the amount of damages. The duty not to move this train, while a blue flag on it was being displayed, was an obligation owing to everybody lawfully between the cars. Yet, according to the undisputed evidence, which was not excluded, this is exactly what was done, which was negligence in any view of the case. There could have been but one answer by the jury to the question as to whether an ordinarily prudent person in the circumstances would have moved the train while a blue signal was being displayed at its east end. The issues as to foreseeable harm and as to the amount of the damages were properly submitted to the jury.

For the reasons stated, the petition for rehearing is denied.

Petition denied.

RUSSELL, Circuit Judge, dissents.